UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES S. HARTLEY, JR.,

                Plaintiff,

  -against-                                            1:15-cv-1345 (LEK/DJS)

GREGORY R. SEELY, *et al.*,

                Defendants.

# **DECISION and ORDER**

## I. INTRODUCTION

Presently before the Court are *pro se* Plaintiff James Hartley, Jr.'s ("Plaintiff") Motion for an order to show cause for a temporary restraining order as well as his Appeal of U.S. Magistrate Judge Daniel J. Stewart's Decision and Order denying Plaintiff's Motion for appointment of Counsel. Dkt Nos. 5 ("Motion"); 9 ("January Order"); 10 ("Appeal"). For the following reasons, Defendant's Motion and Appeal of the January Order are denied.

## II. MOTION FOR AN ORDER TO SHOW CAUSE

On November 13, 2015, Plaintiff filed a Motion for an order to show cause for a temporary restraining order. Mot.[1] Plaintiff, who is currently incarcerated in Texas, seeks to enjoin Defendants from conducting an investigation that would allow them to come into contact with Plaintiff or his family and to order Defendants to withdraw from any ongoing investigations of

---

[1] On November 16, 2015, the Court determined that Plaintiff's Application to proceed *in forma pauperis* was incomplete and ordered that this matter should be administratively closed due to Plaintiff's failure to pay the required $400.00 filing fee for civil actions. Dkt. No. 6. On November 30, 2015, Plaintiff renewed his Application to proceed *in forma pauperis* and the Court reopened this matter. Dkt. No. 7. On January 5, 2016, the Court granted Plaintiff's Application to proceed *in forma pauperis*. Dkt. No. 9.

Plaintiff. Id. at 1.² In his supporting Affidavit, Plaintiff generally alleges that Defendants have retaliated against him in response to a lawsuit Plaintiff filed against the Greene County Sheriff's Department on July 25, 2008. Id. at 2. Plaintiff further alleges that he "was set up and sent to prison in 2009 by this same Sheriff's Department," that it has been a non-stop fight since 2008, and that Defendants are trying to bring him back to New York. Id.

Local Rule 7.1(e) provides that "a motion brought by Order to Show Cause must include an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used." N.D.N.Y. L.R. 7.1(e). After construing Plaintiff's submissions liberally and with due regard for Plaintiff's status as a *pro se* litigant, the Court finds that the supporting Affidavit is devoid of any factual allegations to suggest that an Order to Show Cause is warranted or that normal motion practice is not sufficient to adjudicate Plaintiff's claims. See Seward v. Hill, 15-CV-0019, Dkt. No. 21 (N.D.N.Y. Jan. 21, 2015) (Kahn, J.) (denying plaintiff's motion for an order to show cause for a temporary restraining order where the plaintiff failed to show good and sufficient cause why normal motion practice could not be used).

Additionally, the Court finds that on its face, Plaintiff's Motion does not meet the standard for granting a temporary restraining order. The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, 965 F.2d 1224, 1228 (2d Cir. 1992); Perri v. Bloomberg, No. 06-CV-0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the

---

² Citations refer to the pagination assigned by the Court's Electronic Filing System.

merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009)). The Court finds that Plaintiff has not alleged sufficient facts regarding the nature of Defendants' investigation or retaliatory acts against him to show that he will be irreparably harmed if a temporary restraining order is not granted. Additionally, the Court finds that Plaintiff's allegations are insufficient to show sufficiently serious questions going to the merits of his claims. Accordingly, Plaintiff's Motion for an order to show cause for a temporary restraining order is denied without prejudice.

### III. APPEAL OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Additionally, Plaintiff appeals the January Order denying Plaintiff's Motion for appointment of counsel. Appeal; Jan. Order. Plaintiff does not identify any legal error in Judge Stewart's reasoning, but rather focuses his arguments on the difficulty he faces litigating this matter as a *pro se* litigant who is currently incarcerated. Appeal at 1-3.

In reviewing a magistrate judge's orders concerning nondispositive matters, "[t]he 'district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting FED. R. CIV. P. 72(a)). An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) (internal quotation marks omitted); see also Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting U.S. Gypsum Co., 333 U.S. at 395). An order is contrary to law

3

"when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000); see also New York v. Salazar, No. 8-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.).

Upon review of the January Order, the Court finds that Judge Stewart applied the correct legal standard when evaluating Plaintiff's Motion for the appointment of counsel. In determining whether to appoint counsel for an indigent party in a civil case, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If so, the court should then consider the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Judge Stewart found that at this early stage of litigation, Plaintiff had not demonstrated that his position was likely to be of substance. Jan. Order at 5. Since Defendants had yet to file an answer to the Complaint at the time of the January Order, Judge Stewart was limited to evaluating the substance of Plaintiff's claims based on the allegations in the Complaint. Id. Because he found the allegations to be unsupported by any evidence, he determined that Plaintiff had not yet shown that his claims were likely of substance, and afforded Plaintiff the opportunity to file a new motion for appointment of counsel after Defendants have responded to the Complaint. Id. at 5-6. In his objections to the January Order, Plaintiff does not address the substance of his claims, but instead focuses on the difficulties he faces in litigating this action while incarcerated. While these are valid considerations, in order for a court to consider them, a plaintiff must meet the initial burden of

4

showing that his claims are likely to be of substance. Hodge, 802 F.2d at 61.

The Court finds that Judge Stewart's decision denying Plaintiff's Motion for the appointment of counsel was neither clearly erroneous nor contrary to law. Consistent with Judge Stewart's reasoning, the Court advises Plaintiff that he may renew his Motion to appoint counsel if he is able to provide the Court with sufficient evidence to suggest that his claims are of substance and that he is unable to obtain counsel independently.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 5) for an order to show cause for a temporary restraining order is **DENIED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Appeal (Dkt. No. 9) of the January Order denying his Motion for the appointment of counsel is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 18, 2016
         Albany, New York

Lawrence E. Kahn
U.S. District Judge